# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY LAWSON,

    Plaintiff

v.

PIZZA HUT, et al.,

    Defendants

3:20-CV-2428
(JUDGE MARIANI)

## ORDER

**AND NOW, THIS 5th DAY OF MAY, 2021**, upon review of Magistrate Judge Saporito's Report & Recommendation ("R&R") (Doc. 9) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 9) is **ADOPTED** for the reasons set forth.[1]

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

3. The Clerk of Court is directed to **CLOSE** this action.

                                      Robert D. Mariani
                                      United States District Judge

---

[1] The R&R (Doc. 9), issued on January 6, 2021, relied in part on the Supreme Court's favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) in determining that this action must be dismissed. At the time the R&R was issued, the Magistrate Judge properly noted that Lawson had been arraigned and was awaiting trial on the charges against him (*see id.* at 2-3). However, on April 9, 2021, Lawson pleaded guilty to Simple Assault and the other charges against him were nolle prossed. *See Commonwealth of Pennsylvania v. Lawson*, Docket No. CP-35-CR-0001065-2020 (Lackawanna Cty. (Pa.) (C.C.P.). The applicability of *Heck* to a pre-trial detainee has been questioned by courts, *see e.g. Dique v. N.J. State Police*, 603 F.3d 181, 187 (3d Cir. 2010) (explaining that the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007) "clarified that the *Heck* bar is applicable only when, at the time the § 1983 suit would normally accrue, there is an *existing* criminal conviction.")(emphasis in original)). However, in light of Lawson's guilty plea in April, 2021, it is clear that the *Heck* bar now applies in this action as judgment in favor of Lawson in the present civil action would imply the invalidity of Lawson's state court criminal conviction.